IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

Edward Terrell Chandler,                )
                                         )
        Petitioner,            )
                                         )    Civil Action No. 8:23-cv-02286-TMC
v.                                       )
                                         )    **ORDER**
Warden of Evans Correctional Institution, )
                                         )
        Respondent.            )
                                         )

Petitioner is a state prisoner, proceeding *pro se*, who seeks relief under 28 U.S.C. § 2254. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this matter was referred to a magistrate judge for pretrial handling. On June 5, 2024, Respondent filed a motion for summary judgment, (ECF No. 49), as well as a Return and Memorandum, (ECF No. 48), and additional corresponding documents, (ECF No. 50). The court issued an order pursuant to *Roseboro v. Garrison*, 528 F.3d 309 (4th Cir. 1975), which informed Petitioner of the summary judgment procedure and warned Petitioner of the consequences of not adequately responding to the Respondent's motion. (ECF No. 51). Petitioner filed a response, (ECF No. 53), as well as a cross motion for summary judgment, (ECF No. 55).[1] Before the court is the magistrate judge's Report and Recommendation ("Report"), which recommends that the Respondent's motion for summary judgment (ECF No. 49) be granted and that Petitioner's motion

---

[1] Petitioner also filed what he titled a "motion to compel" asking the court to rule on the motions for summary judgment. (ECF No. 63). The "motion to compel" also requested an order on a "motion for default judgment." (ECF No. 63). However, there is no such motion pending before the court. Petitioner did file a motion for default judgment in March 2024. (ECF No. 30). However, that motion was ruled moot pursuant to the text order at docket entry 40 because the Respondent had not yet filed an Answer/Return to the Petition and still had time to do so. The text order indicated that Petitioner could "refile such motion[] at the appropriate time" should he choose to do so. (ECF No. 40). However, Petitioner never refiled such motion, and no motion for default judgment is presently before the court.

for summary judgment (ECF No. 55) and motion to compel (ECF No. 63) be denied as moot. (ECF No. 65). Petitioner was notified of his right to file objections to the Report. *Id.* at 16. The Report was mailed to Petitioner at his last known address, (ECF No. 66), and it has not been returned to the court as undeliverable. Accordingly, Petitioner is presumed to have received the Report. Petitioner has not filed any objections to the Report, and the time to do so has now run.

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)); *see also Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (noting "an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection'" and "'an objection stating only "I object" preserves no issue for review'" (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007); *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988))). Thus, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note). The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the

matter with instructions.  28 U.S.C. § 636(b)(1).  However, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation.  *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).  Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation.  *See Elijah*, 66 F.4th at 460 (quoting *Lockert*, 843 F.2d at 1019); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017).

Additionally, since Plaintiff is proceeding *pro se*, this court is charged with construing his filings liberally in order to allow for the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a pro se litigant, [the court] must also be mindful of [its] responsibility to construe pro se filings liberally").  This does not mean, however, that the court can ignore the Plaintiff's failure to allege or prove facts that establish a claim currently cognizable in a federal district court.  *See Stratton v. Mecklenburg Cty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'").

After a careful and thorough review of the record under the appropriate standards, as set forth above, the court adopts the Report (ECF No. 65), which is incorporated herein by reference. Accordingly, the Respondent's motion for summary judgment (ECF No. 49) is **GRANTED**. Petitioner's motion for summary judgment (ECF No. 55) and motion to compel (ECF No. 63) are **DENIED as moot.**

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that the Petitioner failed to make a "substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>United States District Judge

Anderson, South Carolina
January 9, 2025